## Exhibit Index

| | |
|---|---|
| A | Order Granting Termination of Petitioner's Immigration Court Case |
| B | Copy of Petitioner's Grant of Deferred Action |
| C | Copy of Petitioner's Notice to Appear |

A



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OMAHA IMMIGRATION COURT

Respondent Name:

LOJA-CHOGLLO, SEGUNDO PABLO

To:

Anderson III, Thomas R.
2900 Washington Ave. North
Minneapolis, MN 55411

A-Number:
215-980-900
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
01/22/2026

### ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to terminate these proceedings, and the non-moving party was accorded notice and an opportunity to respond. The motion is ☑ opposed ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to terminate is ☑ granted ☐ with ☑ without prejudice ☐ denied because:

☐ The Department of Homeland Security ☐ met ☐ did not meet its burden of proving by clear and convincing evidence that Respondent is removable as charged. 8 C.F.R. § 1240.8(a).

☐ Respondent ☐ met ☐ did not meet the burden of proving that Respondent is clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged. 8 C.F.R. § 1240.8(b)-(c).

☐ Other.

☑ Further analysis/explanation:

According to 8 C.F.R. s 1003.18(d)(ii)(1)(ii):

"Discretionary termination. In removal, deportation, or exclusion proceedings, immigration judges may, in the exercise of discretion, terminate the case upon the motion of a party where at least one of the requirements listed in paragraphs (d)(1)(ii)(A) through (F) of this section is met. The immigration judge shall consider the reason termination is sought and the basis for any opposition to termination when adjudicating the motion to terminate."

Specific to this case - Subsection (C) states:

"The noncitizen is a beneficiary of Temporary Protected Status, deferred action, or Deferred Enforced Departure."

The respondent presented evidence that he has deferred action granted by U.S. Citizenship and Immigration Services (USCIS).

The respondent filed evidence, January 14, 2026.

Evidence includes a USCIS receipt for the respondent's Application for U Nonimmigrant Status, along with evidence of what he filed with USCIS to show U-visa eligibility. Evidence also includes a USCIS letter stating the agency made a bona fide determination, showing he warranted a favorable exercise of discretion with employment authorization and deferred action.

The Court finds the evidence provided shows a valid basis for termination pursuant to 8 CFR s. 1003.18(d)(ii)(1)(ii)(C) - specifically that USCIS granted the respondent deferred action.

DHS is opposed to termination for several reasons:

- Deferred action is not legal status.

True. However, the regulations expressly provide for termination when a noncitizen is the beneficiary of deferred action.

- Deferred action is discretionary, revocable, and does not bar a removal order.

Also, true. However, there is no evidence USCIS revoked the respondent's deferred action. And if the respondent merits a U-visa (due to being the victim of a serious crime and assisting law enforcement), he also is allowed to seek termination per the federal regulations (instead of just taking a removal order and seeking his U-visa benefits from abroad).

- The respondent's claims are speculative.

Not true. USCIS stated in its 2023 letter that the evidence demonstrated his petition for U nonimmigrant status is bona fide. Presumably that he means he sent all the required documentation to USCIS, or that agency would not have made a bond fide determination.

-Termination has no bearing on the respondent's custody status.

True. Removal proceedings are separate from bond proceedings. Likewise, the DHS decision to detain the respondent bears no weight on whether the Court should exercise its discretion to terminate pursuant to federal regulations.

None of the DHS arguments point out negative discretionary factors attributable to the respondent. For example, there is no evidence the respondent caused delays to the processing of his U visa or that he will be ineligible for the U visa once it

becomes available, or that has any criminal history in the United States. See Form I-213.

Given that the federal regulations expressly allow for termination, and the lack of persuasive opposition against termination, the Court will GRANT the motion to terminate.

APPEAL RIGHTS: Both parties have the right to appeal the decision of the Immigration Judge. Any appeal must be filed with the Board of Immigration Appeals on or before thirty (30) days from the date of service of this decision.

*Abby Meyer* (signature)

Immigration Judge: Meyer, Abby 01/22/2026

Appeal:  Department of Homeland Security: [ ] waived  [ ] reserved
         Respondent:                        [ ] waived  [ ] reserved
Appeal Due:

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : LOJA-CHOGLLO, SEGUNDO PABLO | A-Number : 215-980-900
Riders:
Date: 01/22/2026 By: Akhmedova, Mavzuna, Court Staff

B



September 7, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship and Immigration Services**

THOMAS RICHARD ANDERSON III
ANDERSON & ANDERSON LAW LLC
2900 WASHINGTON AVENUE N
MINNEAPOLIS, MN 55411

EAC1823550191



RE: SEGUNDO PABLO LOJA CHOGLLO
I-918, Petition for U Nonimmigrant Status

A215-980-900

## CORRESPONDENCE

On August 14, 2018, you submitted a Form I-918, Petition for U Nonimmigrant Status. As the statutory cap for U-1 nonimmigrant status has been reached for this fiscal year, U.S. Citizenship and Immigration Services (USCIS) may not grant U-1 nonimmigrant status to any petitioner until new visas become available. Under 8 U.S.C. 1184(p)(6) and 1103(a), the Department of Homeland Security (DHS) may conduct a bona fide determination, and if warranted as a matter of discretion, provide employment authorization and deferred action.

At this time, the evidence demonstrates your petition for U nonimmigrant status is bona fide, and you warrant a favorable exercise of discretion to receive employment authorization and deferred action. Because USCIS has determined your petition is bona fide and you warrant a favorable exercise of discretion, you will be issued an employment authorization document and have been placed in deferred action. Your employment authorization document and grant of deferred action are valid for a period of four years. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal.

Under 8 U.S.C. 1184(p)(6), if USCIS determines your petition is bona fide, you may submit a Form I-765, Application for Employment Authorization with this office. USCIS grants employment authorization based on the bona fide determination and favorable exercise of discretion described above under 8 U.S.C. 1184(p)(6), as well as under 8 CFR 274a.12(c)(14), which gives the agency the authority to provide employment authorization to noncitizens placed in deferred action.

On August 14, 2018, you filed a Form I-765, EAC1823550203, under 8 CFR, section 274a.12(A)(19). This Form I-765 is based on your pending Form I-918, which USCIS has determined is bona fide. Please be aware that your currently filed Form I-765 will be adjudicated as if it were filed under 8 CFR, section 274a.12(c)(14). You will receive separate correspondence regarding the adjudication of your Form I-765.

Priority for the issuance of U nonimmigrant status will be determined by the date the Form I-918 was received by USCIS. Once a visa is available to you, USCIS will determine your eligibility for U nonimmigrant status and whether you are admissible to the United States.

C

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

DOB: 07/01/1990
Event No: SPM2612000544

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 400968948

File No: 215 980 900

In the Matter of:

Respondent: SEGUNDO PABLO LOJA-CHOGLLO _____ currently residing at:

See Continuation Page Made a Part Hereof _____

(Number, street, city, state and ZIP code)   (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of ECUADOR and a citizen of ECUADOR;
3. You entered the United States at or near SANDERSON, TX, on or about February 26, 2016;
4. You were not then admitted or paroled after inspection by an Immigration Officer.OR At that time you arrived at a time or place other than as designated by the Attorney General.
   See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8CFR 208.30   ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

1 FEDERAL DRIVE, SUITE 1850, FORT SNELLING, MINNESOTA 55111. FORT SNELLING
(Complete Address of Immigration Court, including Room Number, if any)

on **February 12, 2026** at **8:30 am** to show why you should not be removed from the United States based on the
(Date)       (Time)

charge(s) set forth above.   P 8779 FELLENZ - SDDO
(Signature and Title of Issuing Officer)

Date: December 12, 2025   FORT SNELLING, MINNESOTA
(City and State)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of Immigration Officer)

### Certificate of Service

This Notice To Appear was served on the respondent by me on __December 12, 2025__, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person   [ ] by certified mail, returned receipt # _____ requested   [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the __SPANISH__ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x_Refused to Sign_____  _____  KRISTIAN HALLEGADO - Deportation Officer
(Signature of Respondent if Personally Served)   (Signature and Title of officer)

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

| U.S. Department of Homeland Security | Continuation Page for Form I-862 |
|---|---|

| Alien's Name | File Number | Date |
|---|---|---|
| LOJA-CHOGLLO, SEGUNDO PABLO | 215 980 900<br>Event No: SPM2612000544 | 12/12/2025 |

CURRENTLY RESIDING AT:
---

1 Federal Dr Apt Ste 1600, Fort Snelling, MINNESOTA 551112200

THE SERVICE ALLEGES THAT YOU:
---

5. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; and/or

6. You are an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
---

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| P 8779 FELLENZ | SDDO |